IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DILLARD L. BROOKS and WANITA M. BROOKS, individually and on behalf of a class of similarly situated Oklahoma insureds, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIV-01-783-R |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

## O R D E R

Defendant has filed a motion to strike class allegations on stare decisis grounds because the class allegations and claims herein duplicate those in *Bailey v. State Farm & Casualty Co.*, CIV-00-1239-R. Defendant's motion is DENIED. The Court has set deadlines for completion of discovery and for filing a motion for class certification. Plaintiffs are entitled to conduct discovery and decide whether they want to move for class certification. In the event Plaintiffs seek certification of a class action, Plaintiffs will have the burden of showing that all of the requirements of Rule 23(a), F.R.Civ.P., are met, e.g., *Integra Realty Resources, Inc. v. Fidelity Capital Appreciation Fund (In re Integra Realty Resources, Inc.)*, 262 F.3d 1089, 1112 (10th Cir. 2001), and that one of the three prerequisites to maintenance of a class action set forth in Rule 23(b), F.R.Civ.P., is satisfied. To sustain their burden, Plaintiffs herein may present evidence and argument not presented in *Bailey*.

Indeed, Plaintiffs' response to Defendant's motion to strike suggests that that will be the case. Accordingly, the Court cannot say that the Court's denial of class certification in *Bailey* dictates the outcome of a motion for class certification in this case, if such a motion is made.

Defendant's motion to strike class allegations is DENIED.

**IT IS SO ORDERED** this ____ day of April, 2002.

> DAVID L. RUSSELL
> UNITED STATES DISTRICT JUDGE