IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DILLARD L. BROOKS and WANITA M. BROOKS, individually and on behalf of a class of similarly situated Oklahoma insureds, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) | CIV-01-783-R |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

FILED
JUN 1 9 2002
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY_____(a)_____DEPUTY

DOCKETED

## O R D E R

Before the Court is Defendant's Renewed Motion to Strike Class Allegations. The motion is predicated upon Plaintiffs' failure to move for class certification by the deadline previously set by the Court, May 10, 2002, for such a motion. Plaintiffs assert that they were awaiting discovery responses which were necessary to determine whether a class action is appropriate in this case and that that discovery was the subject of Defendant's motion for a protective order at the time the deadline for seeking class certification passed. They state that Defendant has still not produced the pertinent documents nor produced Mr. Iantorno for deposition. Plaintiffs request that the Court deny Defendant's motion, permit completion of the discovery ordered to be provided on May 23, 2002 and set a new deadline for class certification. Defendant in reply asserts that Mr. Iantorno's deposition testimony is not related to class certification and, in any event, Plaintiffs should not have let the deadline pass



with the expressed intention of not filing a motion for class certification, only to belatedly informally seek an extension of time to file such a motion on a contrived excuse.

Defendant's motion to strike class allegations is GRANTED. The deadline for filing a motion for class certification was May 10, 2002. If Plaintiffs intended to file such a motion contingent upon what the outstanding discovery disclosed or even wanted to keep open their option to do so, they should have filed an application for an extension of the deadline for filing a motion for class certification before the deadline passed. They did not do so. Nor is their informal request, on June 2, 2002, that the Court set a new deadline appropriate, *see* LCvR 7.2(f), no matter how germane to the decision of whether to seek class certification the outstanding discovery, including the deposition of Mr. Iantorno, was, which is questionable.

**IT IS SO ORDERED** this 19th day of **June, 2002.**

_____
**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**